This case is before the court on defendant’s request for review of a report and recommended decision by Trial Judge Louis Spector. It is governed by the contract disputes clause and the standards of the Wunderlich Act, 41 U.S.C. §§ 321, 322. The plaintiff had a no-profit cost-reimbursable Labor Department contract for on-the-job training and related services over a period of 20 months for rural, unemployed, undereducated, underemployed, and otherwise disadvantaged individuals residing in Kansas, Wisconsin, arid Missouri. Disputes arose as a result of questioning by auditors and disallowances by the contracting officer respecting salary payments to Ms. Stella Crosse, salary payments and travel expense to another employee, John Henderson, and general overhead or indirect costs. The *656 Labor Department Board of Contract Appeals held adversely to the claims, 74-2 BCA ¶10,768. The plaintiff sues here for $48,484.32, disallowed pursuant to the decision below. Defendant recovered the sum involved by withholding under another contract, and there is no counterclaim.
The trial judge would reverse the board on all three claims, in whole or in part. We find his recommended decision able and helpful, but differ as to his conclusions. We find the board decision not arbitrary, not capricious, and not contrary to law, and its factual conclusions are supported by substantial evidence. Accordingly, by Wun-derlich Act standards we must therefore affirm, however we might have held in a de novo proceeding. As regards Ms. Crosse, she had clerical responsibilities unrelated to the Labor Department contract. Plaintiff failed to keep records, such as the contract called for, which would substantiate that she devoted the efforts billed for to the contract at bar. As regards Mr. Henderson, records failed to show the purpose or purposes of 48 trips to Washington, charged to the contract. As regards the overhead, the largest item, we think the contract references to the Federal Procurement Regulation were not sufficient to establish that plaintiff was to be reimbursed its overhead, without ambiguity, in face of the incorporated budget sheet which allocated sums aggregating the entire cost ceiling prescribed by the contract to direct cost items. The board’s findings respecting contract negotiations therefore are relevant to show the intent of the parties, and demonstrate that plaintiff did not expect to be reimbursed its overhead, except for certain cost items agreed to for direct reimbursement. The plaintiff added 25 percent to all its billings, for overhead, without disclosing that more than direct costs were thus billed for. Under the contract and the related cost principles, it could not add a fixed rate for overhead to direct costs, unless agreed upon under contract procedures, and no such agreement occurred.
Accordingly, upon the record, the board decision, and the briefs and oral arguments of the parties, plaintiffs motion for summary judgment is denied, and defendant’s motion for summary judgment is allowed. We affirm the board decision and dismiss the petition.
*657 Plaintiffs motion for rehearing en banc and rehearing denied September 29, 1978.