**AD GLOBAL FUND, LLC, by and through North Hills Holding, Inc., a Partner Other Than the Tax Matters Partner, Plaintiff,**

v.

**The UNITED STATES Defendant.**

**No. 04–336T.**

United States Court of Federal Claims.

Nov. 8, 2005.

David D. Aughtry, Atlanta, GA, for plaintiffs. George A. Hrdlicka and Juan F. Vasquez, Jr., Chamberlain, Hrdlicka, White, Williams & Martin, of counsel.

Stuart J. Bassin, Washington, DC, with whom was Assistant Attorney General Eileen J. O'Connor, for defendant. William K. Drew, Department of Justice, of counsel.

### *MEMORANDUM OPINION AND ORDER*

CHRISTINE O.C. MILLER, Judge.

On September 30, 2005, plaintiff filed Plaintiff's Motion To Certify An Interlocutory Appeal Under 28 U.S.C. Section 1291(d)(2) (2000) of the opinion and order entered on September 16, 2005. Defendant opposed on October 17, 2005, and plaintiff replied on October 31, 2005. Argument was held on November 2, 2005.

The opinion denied plaintiff's motion for summary judgment. *See AD Global Fund, LLC Ex Rel., North Hills v. United States,* 67 Fed.Cl. 657 (2005). Plaintiff argued that the Internal Revenue Service's (the "IRS") issuance of a Final Partnership Administrative Adjustment (the "FPAA") for plaintiff's 1999 tax return was untimely because it was outside the three-year statute of limitations period prescribed by 26 U.S.C. § 6229(a) (2000). Defendant countered that section 6229(a) was not a statute of limitations period for the issuance of an FPAA, but, instead, operates as an extension of the general three-year time period provided in 26 U.S.C. § 6501(a) (2000). Both plaintiff and defendant argued that the plain language of the statute led clearly to the result that each sponsored. Failing that, both presented legislative history to aid the court in interpreting the statute and presumptions said to narrow or expand the scope of an ambiguous statute of limitations or tax collection statute.

Because no relevant facts were disputed, the issue before the court was a pure question of statutory interpretation. The court concluded the language of section 6229(a), interpreted within the framework of the Tax Equity and Fiscal Responsibility Act of 1982, 26 U.S.C. §§ 6221–6234 (2000), was ambiguous on its face and that the legislative history of the provision failed to shine any "reliable light" on the intentions of the enacting Congress. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.,* —— U.S. ——, ——, 125 S.Ct. 2611, 2626, 162 L.Ed.2d 502 (2005) ("Extrinsic materials have a role in statutory interpretation only to the extent they shed a reliable light on the enacting Legislature's understanding of otherwise ambiguous terms."). The court ruled for the Government under the rule of construction that ambiguities in a tax collection statute of limitations should be construed in favor of the Government. Therefore, the FPAA was timely issued. The remainder of the case consists of complex factual issues regarding the tax consequences of the FPAA that must be resolved at trial.

Pursuant to 28 U.S.C. § 1292(d)(2) (2000), plaintiff seeks an interlocutory appeal on the issue of statutory interpretation addressed in the opinion on summary judgment-to wit, that section 6229(a) acts as an extension of time, not a separate statute of limitations. Were the lower court's ruling to be reversed on appeal, it would obviate a trial on the merits as the FPAA would have been filed untimely. Defendant opposes the interlocutory appeal on the ground that no substantial ground for difference of opinion is present.

Interlocutory appeals are reserved for "exceptional" cases. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (holding in context of companion 28 U.S.C. § 1292(b) that "[r]outine resort [to interlocutory appeals] would hardly comport with Congress' design to reserve interlocutory review for 'exceptional' cases while generally retaining for the federal courts a firm final judgment rule" (internal quotations omitted)). In order to merit certification, a case must meet the three-part test set forth in section 1292(d)(2): (1) There must be a "controlling question of law ... involved[;]" (2) there must be a "substantial ground for difference of opinion" regarding that controlling question of law; and (3) "immediate appeal ... may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(d)(2); *see also Aleut Tribe v. United States*, 702 F.2d 1015, 1019 (Fed. Cir.1983). This test commits the decision regarding certification to the discretion of the trial judge. *See Arthur Young & Co. v. U.S. Dist. Court*, 549 F.2d 686, 698 (9th Cir.1977); *D'Ippolito v. Cities Serv. Co.*, 374 F.2d 643, 649 (2d Cir.1967). However, once the trial court certifies a question for interlocutory appeal, the United States Court of Appeals for the Federal Circuit has complete "discretion[ ] ... [whether] to entertain such an appeal in much the same manner that the Supreme Court today refuses to entertain applications for writs of certiorari." *In re Convertible Rowing Exerciser Patent Litig.*, 903 F.2d 822 (Fed.Cir.1990) (citation and internal quotations omitted).

The first requirement for certification is that the decision must involve a "controlling question of law." 28 U.S.C. § 1292(d)(2). Another judge of the United States Court of Federal Claims has described a question of law as controlling when it "materially affect[s] issues remaining to be decided in the trial court[.]" *Jade Trading, LLC v. United States*, 65 Fed.Cl. 443, 447 (2005) (internal citations omitted). This court concurs. Issues of statutory interpretation often involve issues of law that are appropriate for certification. 9 James Wm. Moore et al., Moore's Federal Practice ¶ 110.22[2] & n. 11 (2d ed.1992). Interpretation of section 6229(a) is a controlling issue of law. Moreover, it is an

issue of statutory interpretation that is controlling on the issues remaining in the case. If section 6229(a) is a separate statute of limitations, then the FPAA was untimely filed and all significant remaining legal questions are resolved.

Second, a "substantial ground for difference of opinion" must be established regarding the controlling question of law. 28 U.S.C. § 1292(d)(2). The Federal Circuit has held that this "substantial ground" can be two different, but plausible, interpretations of a line of cases. *See Vereda, Ltda. v. United States*, 271 F.3d 1367, 1374 (Fed.Cir. 2001) (agreeing with trial court that "'substantial ground for difference of opinion'" was present regarding interaction between two Federal Circuit cases). More often, however, this criterion manifests as splits among the circuit courts.

Under either approach the judicial record reveals a substantial ground for difference of opinion in the correct interpretation of section 6229(a). This court held that section 6229(a) is facially ambiguous, subject to two different interpretations that even the legislative history could not resolve. If different, but plausible, interpretations of Federal Circuit caselaw can be considered "substantial ground[ ] for difference of opinion[,]" then different, but plausible, interpretations of section 6229(a) should be so considered, as well. While this court agrees with defendant that the most recent court decisions were in defendant's favor, the circuits have split regarding the proper interpretation of section 6229(a). *Compare Weiner v. United States*, 389 F.3d 152 (5th Cir.2004) (viewing section 6229(a) as separate statute of limitations), *and Callaway v. Comm'r*, 231 F.3d 106 (2d Cir.2000) (same), *with Andantech, L.L.C. v. Comm'r*, 331 F.3d 972 (D.C.Cir.2003) (holding that section 6229(a) operates as extension of time rather than separate statute of limitations). The court recognizes that none of the cases provides extensive analysis of the interpretation of section 6229(a), but they do espouse conflicting views among the circuits. Therefore, because section 6229(a) has two plausible readings, and because there the circuits have split regarding the meaning of the provision, a substantial ground for differ-

ence of opinion under this factor has been established.

Third, the "immediate appeal" of the controlling legal issue must "materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(d)(2). In *Vereda, Ltda.*, 271 F.3d at 1374, the Federal Circuit agreed with the lower court's certification of an issue for interlocutory appeal when reversal of the lower court would result in "the entire lawsuit ... be[ing] dismissed." *Id.* (internal quotations omitted). This is also true of the instant case. If the Federal Circuit were to overturn the lower court's order and deem the Government's FPAA untimely, the litigation would terminate. Trial on the merits would not be required, which the parties generally agree would consume eighteen months alone for discovery and pre-trial preparation. Resolution of this legal issue also would materially advance the termination of other pending Court of Federal Claims litigation. *Epsolon Ltd. v. United States*, No. 05–999T (Fed.Cl., filed Sept. 15, 2005), is in briefing on the same issue; *Prestop Holdings, LLC v. United States*, No. 05–576T (Fed.Cl., filed May 26, 2005), involves the same issue; both *Grapevine Imports, Ltd. v. United States*, No. 05–296T (Fed.Cl., filed Mar. 11, 2005), and *Shumacher Trading Partners II v. United States*, No. 05–380T (Fed.Cl., filed Mar. 18, 2005), are in briefing on motions for summary judgment that include the issue as one of several alternative arguments; and *J & J Fernandez Ventures, L.P. v. United States*, No. 05–26T (Fed.Cl., filed Jan. 7, 2005), is scheduled for an upcoming summary judgment motion that may involve the same issue. In view of the pendency of these cases, an interlocutory appeal on the proper interpretation of section 6229(a) materially would advance the termination of the litigation.

Because the opinion and order meets all of the requirements for certification, the court, in its discretion, grants plaintiff's motion to certify an interlocutory appeal. Accordingly,

**IT IS ORDERED**, as follows:

1. Paragraph 1 of the court's September 16, 2005 opinion and order is amended, as follows:

Plaintiff's motion for summary judgment is denied. Because a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the court certifies the issue to the United States Court of Appeals for the Federal Circuit for its consideration whether to permit an appeal to be taken from such order should a timely application be made to that court.

2. This case is stayed pending further order of the court. Plaintiff shall file a Status Report within ten days of any action on its application by the Federal Circuit.

3. A copy of this order was transmitted to counsel of record and counsel for amicus curiae this date by facsimile transmission.