**Robert C. JOHNSON, pro se, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 05–1078T.

United States Court of Federal Claims.

April 4, 2006.

---

Robert C. Johnson, Orangeburg, SC, plaintiff, pro se.

Karen E. Servidea, Washington, DC, with whom was Assistant Attorney General Eileen J. O'Connor, for defendant. David Gustafson, of counsel.

### MEMORANDUM OPINION AND ORDER

CHRISTINE O.C. MILLER, Judge.

This case is before the court after briefing on defendant's motion to dismiss pursuant to RCFC 12(b)(1). The issue for decision is whether the United States Court of Federal Claims lacks subject matter jurisdiction. Argument is deemed unnecessary.

### FACTS

The following facts are derived from the complaint and the documents attached thereto. Robert C. Johnson ("plaintiff"), a former limited partner in Oasis Date Associates ("ODA"), filed a federal income tax return for 1981 on October 11, 1982. He reported an income tax liability of $2,935.00, which he paid through withholding credits. As plaintiff's withholding credits exceeded his reported liability, the Internal Revenue Service (the "IRS") issued plaintiff a $408.60 refund.

Plaintiff filed an amended tax return for the 1981 tax year on February 18, 1998, claiming a carryback credit from 1984. The IRS duly refunded $491.00 plus interest to plaintiff on April 1, 1988.

Plaintiff filed a federal income tax return for the 1984 tax year on July 11, 1985. He reported an $82.00 income tax liability, the payment of which accompanied his return.

In May 1991 the IRS issued a Notice of Final Partnership Administrative Adjustment ("FPAA") to ODA, asserting deficiencies for tax years 1984 and 1985. ODA timely filed a petition in the United States Tax Court. On October 14, 1992, during the pendency of the partnership's petition, plaintiff filed a voluntary petition in the United States Bankruptcy Court for the District of South Carolina. Plaintiff's bankruptcy petition converted his pre–1992 personal deficiencies from partnership items into deficiencies arising from non-partnership items.[1]

---

1. *See* 26 C.F.R. § 301.6231(c)–7(a) (2005) ("[P]artnership items of [a partner named as a debtor in a bankruptcy proceeding] arising in any partnership taxable year ... to which the

On May 26, 1993, the IRS separately assessed deficiencies against plaintiff for tax years 1981 and 1984.[2] Challenging the separate deficiencies asserted against him, plaintiff filed a petition in the United States Tax Court on August 23, 1993.[3] On October 18, 2002, the Tax Court entered judgment against plaintiff, ruling that plaintiff owed $491.00 and $21,063.00 for deficiencies for tax years 1981 and 1984, respectively. The Tax Court further held that, with respect to tax years 1982, 1985, and 1986, no deficiencies in or additions to the tax were due from, or overpayments of tax due to, plaintiff.

Following the Tax Court's decision, the IRS assessed additional tax against plaintiff. For tax year 1981, the amount assessed was an additional $491.00, plus $1,720.16 in interest. For tax year 1984, plaintiff was assessed an additional $21,063.00, plus $81,966.68 in interest.[4]

On October 11, 2005, plaintiff filed suit in the United States Court of Federal Claims, seeking to recover for the "illegal assessment, collection and the filing of unlawful liens for alleged income tax deficiencies on . . . plaintiff's 1981 and 1984 personal income tax returns." Compl. filed Oct. 11, 2005, at 1. Plaintiff requests that this court "overturn . . . defendant's unlawful assessments for . . . plaintiff's 1981 and 1984 tax years . . . in the form of refunds or credits to his IRS account[,] . . . . order release and withdrawal of all unlawful tax liens filed by . . . defendant against property of the plaintiff and bar further collection efforts by the defendant." *Id.* at 6. Defendant thereafter moved to dismiss pursuant to RCFC 12(b)(1) for lack of subject matter jurisdiction.

## DISCUSSION

Complaints filed by *pro se* litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30

L.Ed.2d 652 (1972) (per curium). A court should be "receptive to *pro se* plaintiffs and assist them." *Demes v. United States,* 52 Fed.Cl. 365, 369 (2002); *see Ruderer v. United States,* 188 Ct.Cl. 456, 412 F.2d 1285, 1292 (1969) (expressing approval of stretching court's "proper role in adversary proceedings to the limit").

However, "justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes,* 52 Fed.Cl. at 369. *Pro se* status cannot render a plaintiff immune from meeting jurisdictional requirements. *Bernard v. United States,* 59 Fed.Cl. 497, 499 (2004) (holding that latitude afforded to *pro se* plaintiffs "does not relieve a *pro se* plaintiff from meeting jurisdictional requirements"), *aff'd,* 98 Fed.Appx. 860 (Fed.Cir. 2004) (unpubl.table); *see also Ledford v. United States,* 297 F.3d 1378, 1382 (Fed.Cir. 2002) (affirming dismissal of *pro se* plaintiff's complaint seeking unpaid tax refund); *Henke v. United States,* 60 F.3d 795, 799 (Fed.Cir. 1995) (noting that while plaintiff's *pro se* status "in the drafting of his complaint may explain its ambiguities, . . . it does not excuse its failures, if such there be"). As the requirements of subject matter jurisdiction are so "exacting[,] . . . . [a] party's failure or inability to procure counsel therefore does not alter who carries the burden nor how that burden is met." *Carter v. United States,* 62 Fed.Cl. 66, 69 (2004).

Under RCFC 12(b)(1), the burden lies with the plaintiff seeking to invoke this court's jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); *Myers Investigative & Sec. Servs., Inc. v. United States,* 275 F.3d 1366, 1369 (Fed.Cir.2002). Where "a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." *Thomson v. Gaskill,* 315 U.S. 442, 446, 62 S.Ct. 673, 86 L.Ed. 951 (1942); *see also Hishon v. King & Spald-*

---

United States could file a claim for income tax due in the bankruptcy proceeding shall be treated as nonpartnership items[.]")

**2.** These deficiencies were based on the same transactions at issue in ODA's petition before the Tax Court.

**3.** Judgment was entered in ODA's case on July 19, 2001. The Tax Court disallowed approximately eighty percent of the alleged deficiencies.

**4.** The interest amounts constitute normal interest on deficiencies in those amounts for those years.

*ing,* 467 U.S. 69, 73 n. 2, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Taylor v. United States,* 303 F.3d 1357, 1359 (Fed.Cir.2002). The court may inquire into evidentiary matters outside the pleadings when resolving such a challenge. *Rocovich v. United States,* 933 F.2d 991, 993 (Fed.Cir.1991); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 747 (Fed.Cir.1988)

Federal courts are presumed to lack jurisdiction unless the record affirmatively indicates the opposite. *Renne v. Geary,* 501 U.S. 312, 316, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991). The Tucker Act, 28 U.S.C. § 1491(a)(1) (2000), defines the jurisdictional reach of the Court of Federal Claims. The Tucker Act authorizes the Court of Federal Claims to

> render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2000). This jurisdiction extends only to claims for money damages and must be strictly construed. *United States v. Testan,* 424 U.S. 392, 397–98, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976).

■ Because this court's jurisdiction is limited to "actual, presently due money damages from the United States," *United States v. King,* 395 U.S. 1, 3, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969), it generally does not possess jurisdiction over equitable matters. "[A]bsent a concurrent colorable claim for monetary recovery," *Simanonok v. Simanonok,* 918 F.2d 947, 952 (Fed.Cir.1990), the court may not hear claims for injunctive re-

lief, *Brown v. U.S.,* 105 F.3d 621, 624 (Fed. Cir.1997).

■ In accordance with 28 U.S.C. §§ 1346(a)(1), 1491(a)(1) (2000), the Court of Federal Claims and the United States district courts possess jurisdiction over tax refund suits. However, "payment of the assessed taxes in full is a prerequisite to bringing a refund claim." *Ledford,* 297 F.3d at 1382; *see also Flora v. United States,* 362 U.S. 145, 177, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960); *Rocovich,* 933 F.2d at 993–94. Plaintiff does not allege that he has paid the tax assessments, and the IRS's Certificates of Assessments and Payments appended to plaintiff's complaint reveal that, in fact, he did not pay any taxes for the years at issue.[5] Because plaintiff has not yet paid the assessed tax for which he seeks a refund, the court is without jurisdiction to hear his claim.

Even if plaintiff had rendered full payment of the assessed taxes, his attempt to collect a refund still must fail. Prior to seeking a refund claim in court, a plaintiff is required to file an administrative claim for a refund. 26 U.S.C. ("I.R.C.") § 7422(a) (2000) ("No suit ... shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected ... until a claim for refund or credit has been duly filed ..."); *see also Bartek v. United States,* 230 Ct.Cl. 728, 729 (1982) (per curiam); *Algonac Mfg. Co. v. United States,* 192 Ct.Cl. 649, 428 F.2d 1241, 1249 (1970). Plaintiff's complaint admits that he "did not file a claim for refund as the taxes were not paid ...." Pl.'s Br. filed Mar. 2, 2006, at 4. Because plaintiff has not met this jurisdictional prerequisite, the court cannot entertain his claim.[6]

---

**5.** A Certificate of Assessments and Payments is accepted proof for purposes of showing that a tax has been paid in full. *See Rocovich,* 933 F.2d at 994 (citing, *inter alia, United States v. Dixon,* 672 F.Supp. 503, 506 (M.D.Ala.1987), *aff'd,* 849 F.2d 1478 (11th Cir.1988) (per curiam) (holding that Certificate of Assessments and Payments is "presumptive proof of a valid assessment" where "defendant has produced *no* evidence to counter this presumption")).

**6.** Assuming, *arguendo,* that plaintiff had met the aforementioned jurisdictional requisites to litigat-

ing in the Court of Federal Claims, I.R.C. § 6512(a) would stand as yet another bar. The provision provides that once a timely petition to contest a notice of deficiency is filed with the Tax Court, the taxpayer may not institute a recovery action in any other court. *Id.* Plaintiff's August 23, 1993 petition before the Tax Court, albeit unsuccessful, was sufficient to invoke the redoubt of I.R.C. § 6512(a). Moreover, as the Tax Court rendered a judgment, any possible recovery would be barred by res judicata. *See Cooper v. United States,* 217 Ct.Cl. 697, 698, 578 F.2d 1390 (1978).

Finally, the Court of Federal Claims has no jurisdiction to consider claims for injunctive or declaratory relief unless a valid claim for monetary relief has been set forth. *See King*, 395 U.S. at 3, 89 S.Ct. 1501; *Brown*, 105 F.3d at 624; *Simanonok*, 918 F.2d at 952.

## CONCLUSION

Accordingly, based on the foregoing, defendant's motion pursuant to RCFC 12(b)(1) to dismiss plaintiff's complaint[7] is granted. The Clerk of the Court shall dismiss the complaint without prejudice for lack of subject matter jurisdiction.[8]

**IT IS SO ORDERED.**

---

**7.** Plaintiff's Application to Proceed *in Forma Pauperis* filed with his complaint on October 11, 2005, is granted solely for the purposes of filing this action.

**8.** On March 23, 2006, plaintiff filed a Motion To Cure Want of Jurisdiction based on 28 U.S.C. § 1631 (2000), which allows transfer of a claim to a court of appropriate jurisdiction "if it is in the interest of justice." Defendant opposed. Transfer of this case would be futile. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (discussing Fed.R.Civ.P. 15(a)); *Leider v. United States*, 301 F.3d 1290, 1299 n. 10 (Fed.Cir.2002); *Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403–04 (Fed.Cir. 1989). Plaintiff's motion is denied.