AMERICAN AIRLINES, INC., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 04–1736C.

United States Court of Federal Claims.

June 21, 2006.

Adam P. Feinberg, Miller & Chevalier Chartered, Washington, D.C., counsel for Plaintiff.

Kyle Eric Chadwick, United States Department of Justice, Washington, D.C., counsel for Defendant.

## MEMORANDUM OPINION AND ORDER

BRADEN, Judge.

### RELEVANT FACTS AND PROCEDURAL BACKGROUND [1]

The remaining issue, to be determined by the court, is the amount of damages that the Government allegedly owes American Airlines. The Government and American Airlines, however, disagree as to how damages should be calculated. *See* Gov't Mot. at 4–6; Pl. Resp. at 2.

On November 30, 2005, the court issued a Memorandum Opinion and Order granting American Airlines' Motion for Partial Summary Judgment, holding that the Government exceeded the statutory authority granted by Congress in the Immigration User Fee Statute, 8 U.S.C. § 1356,[2] by requiring American Airlines to remit fees that were not collected by the airline from qualifying passengers. *See Am. Airlines v. United States,* 68 Fed.Cl. 723, 731–32 (2005). In addition,

---

1. Facts recited herein were derived from: *Am. Airlines v. United States,* 68 Fed.Cl. 723, 724–27 (2005); the Government's March 29, 2006 Motion to Amend Order Dated November 30, 2005 to Include Finding of Suitability for Interlocutory Appeal, Pursuant to 28 U.S.C. § 1292(d)(2) ("Gov't.Mot."); the Government's March 23, 2006 Declaration of Daune Robinson ("Decl.D.Robinson"); Plaintiff's April 11, 2006 Response ("Pl.Resp."); and the Government's April 26, 2006 Reply Brief ("Gov't.Reply").

2. 8 U.S.C. § 1356(f) addresses both collection and remittance of the Immigration User Fee:

"Each person that issues a document or ticket to an individual for transportation by a ... commercial aircraft into the United States shall—(A) collect from that individual the fee ... at the time the document or ticket is issued ... [and] [t]he person who collects the fees ... shall remit those fees to the Attorney General[.]" 8 U.S.C. § 1356(f). The Immigration User Fee implementing regulations provide the Government with the right to conduct an independent audit "to assure the accuracy of the remittances of [Immigration User] [F]ees collected ... and compliance with the applicable statutes and regulations." 8 C.F.R. § 286.5(f) (2005).

the court held that the Government exceeded the authority proscribed in the Agricultural Quarantine Inspection ("AQI") User Fee Regulations, 7 C.F.R. § 354.3(f), promulgated by the Secretary of Agriculture pursuant to 21 U.S.C. § 136a, by requiring American Airlines to remit fees that were not collected by the airline from qualifying passengers. *Id.* at 731–32.[3]

On March 29, 2006 the Government filed a motion to amend the November 30, 2005 Memorandum Opinion and Order and requested certification for interlocutory appeal, pursuant to 28 U.S.C. § 1292(d)(2). Therein, the Government argued that the issue of liability, based on the interpretation of both the Immigration User Fee Statute and the AQI User Fee Regulations, should be certified to the United States Court of Appeals for the Federal Circuit for interlocutory appeal. *See* Gov't Mot. at 1–2. On April 11, 2006, American Airlines filed a Response. On April 26, 2006 the Government filed a Reply.

The court has determined that the Government's motion does not meet the standard for interlocutory appeal set forth in 28 U.S.C. § 1292(d)(2).

## DISCUSSION

### A. Jurisdiction.

The court previously determined that the United States Court of Federal Claims has jurisdiction to adjudicate the claims alleged in the December 6, 2004 Complaint. *See Am. Airlines,* 68 Fed.Cl. at 728.

### B. Standard For Interlocutory Appeal.

The United States Court of Appeals for the Federal Circuit has jurisdiction over "fi-

nal decision[s] of the United States Court of Federal Claims." 28 U.S.C. § 1295(a)(3). A decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945) (citations omitted).

Congress, however, established an exception to this finality requirement: if the trial court certifies a question for interlocutory appeal and the appellate court accepts the question. *See* 28 U.S.C. § 1292(d)(2). Interlocutory appeals, however, are only reserved for "exceptional cases." *See Caterpillar Inc. v. Lewis,* 519 U.S. 61, 74, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (discussing that "Congress' design [was] to reserve interlocutory review for exceptional cases" under 28 U.S.C. § 1292(b), the courts of appeals' companion rule to 28 U.S.C. § 1292(d)(2) (citations and internal quotations omitted)).

Section 1292(d)(2) of the United States Code sets forth a three-part test to determine whether a question may be certified for interlocutory appeal, *i.e.,* whether: "a controlling question of law" is presented; that question is one "with respect to which there is substantial ground for difference of opinion;" and "an immediate appeal from that order may materially advance the ultimate termination of the litigation." *Id.* This test is to be applied strictly to preserve the important policies that underlie the final judgment rule, *i.e.,* avoiding piecemeal litigation, avoiding harassment due to separate appeals from the same litigation, and "promoting efficient judicial administration." *Pause Tech. LLC v. TiVo Inc.,* 401 F.3d 1290, 1293 (Fed.Cir.2005) (citing *Firestone Tire & Rubber Co. v. Ris-*

---

3. 21 U.S.C. § 136a(a)(1) authorizes "[t]he Secretary of Agriculture [to] prescribe and collect fees sufficient—(A) to cover the cost of providing agricultural quarantine and inspection services[.]" 21 U.S.C. § 136a. Pursuant to 21 U.S.C. § 136a(a)(1), the Secretary of Agriculture issued regulations requiring that "each passenger aboard a commercial aircraft who is subject to inspection under part 330 of this chapter or 9 CFR, chapter I, subchapter D, upon arrival from a place outside of the customs territory of the United States must pay an AQI [U]ser [F]ee." 7 C.F.R. § 354.3(f)(1). The Regulations further re-

quired that "[p]ersons who issue international airline tickets ... are responsible for collecting the AQI ... [U]ser [F]ee." *Id.* The Regulations also provided that "[a]ll AQI [U]ser [F]ees collected ... shall be held in trust for the United States by the person collecting such fees" and then remitted to the Government. 7 C.F.R. § 354.3(f)(4), (5). Any entity that collected the AQI User Fee, however, "must allow [the Government] to verify the accuracy of the AQI [U]ser [F]ees collected and remitted and otherwise determine compliance with 21 U.S.C. [§ ] 136a." 7 C.F.R. § 354.3(f)(6).

*jord,* 449 U.S. 368, 374, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981)).

## C. The Court's Resolution Of The Government's Motion For Certification In This Case.

### 1. The Court's Interpretation of The Immigration User Fee Statute And The AQI User Fee Regulations Is A Controlling Question Of Law.

The Government challenges the court's interpretation of the Immigration User Fee Statute, 8 U.S.C. § 1356, and the AQI User Fee Regulations, 7 C.F.R. § 354.3(f), in *American Airlines,* and asserts that the court's interpretation presents a "controlling question of law." *See* Gov't. Reply at 1 (citing 28 U.S.C. § 1292(d)(2)). Therein, the court held that the plain language of the Immigration User Fee Statute and the AQI User Fee Regulations did not require American Airlines to remit user fees that it was unable to collect. *See Am. Airlines,* 68 Fed. Cl. at 733. Therefore, the question presented is a controlling question of law, because a different interpretation of the statute and regulations would entitle the Government to judgment and obviate the damages portion of the this case. *See Marriott Int'l Resorts, L.P. v. United States,* 63 Fed.Cl. 144, 145 (2004), *rev'd & on other grounds,* 437 F.3d 1302 (Fed.Cir.2006) (controlling questions of law are those that "materially affect issues remaining to be decided in the trial court" (quoting *Pikes Peak Family Housing, LLC v. United States,* 40 Fed.Cl. 673, 686 (1998))) (reversed and remanded on other grounds). Accordingly, the court has determined that the first requirement under 28 U.S.C. § 1292(d)(2) for interlocutory appeal has been met in this case.

### 2. There Is Not A Substantial Ground For Disagreement As To The Statutory Interpretation of The Immigration User Fee Statute And The AQI User Fee Regulations.

The Government asserts that there is a "substantial ground for [a] difference of opinion" regarding the question at issue, because the parties have adopted different interpretations of the Immigration User Fee Statute and the AQI User Fee Regulations. *See* Gov't Mot. at 1–2. The court's interpretation of the statute and regulations was based on the plain meaning of the relevant texts. *See Am. Airlines,* 68 Fed.Cl. at 731–32 (holding that the Immigration User Fee Statute "permits only one reading" and granting the Plaintiffs motion for partial summary judgment on "the plain meaning of the AQI User Fee regulations"). Therefore, the court rejects the Government's assertion that there are two plausible readings of each.

In addition, this dispute does not present any of the bases that have been recognized by our appellate court as a "substantial ground" for disagreement. As the United States Court of Federal Claims recognized, in *Klamath Irrigation District v. United States,* 69 Fed.Cl. 160 (2005):

> The Federal Circuit has held that one basis for this 'substantial ground' may be two different, but plausible, interpretations of a line of cases. More often, however, this criterion manifests itself as splits among the circuit courts, an intracircuit conflict, or a conflict between an earlier circuit precedent and a later Supreme Court case, or, at very least, a substantial difference of opinion among judges of this court.

*Id.* at 163 (citing *Vereda, Ltda. v. United States,* 271 F.3d 1367, 1373–74 (Fed.Cir.2001) (finding that a "substantial ground for difference of opinion" existed regarding interaction between two precedential cases)). A difference of interpretation among the parties, however, does not fit one of these categories.

Moreover, this is not an "exceptional case" that justifies interlocutory appeal. If the court were to find a "substantial ground" for disagreement, simply because there is a disagreement between opposing parties as to how a statute or regulation is to be construed, an interlocutory appeal would become the rule, rather than the exception, and undermine the established policy of requiring finality before appellate review is ripe. *See Caterpillar,* 519 U.S. at 74, 117 S.Ct. 467 ("Routine resort to [28 U.S.C.] § 1292(b) [4]

---

**4.** 28 U.S.C. § 1292(b) is the courts of appeals' companion rule to 28 U.S.C. § 1292(d)(2).

requests would hardly comport with Congress' design to reserve interlocutory review for exceptional cases while generally retaining for the federal courts a firm final judgment rule." (citations and internal quotations omitted; footnote inserted)). For these reasons, the court has determined that the second requirement of 28 U.S.C. § 1292(d)(2) has not been met.

### 3. An Interlocutory Appeal Will Not Materially Advance Entry Of A Final Judgment And Order In This Case.

The amount of damages that the Government allegedly owes American Airlines and the method for determining those damages has yet to be decided. An interlocutory appeal regarding the Government's liability, based on the interpretation of the Immigration User Fee Statute and the AQI User Fee Regulations, could render the damages phase moot, potentially saving the parties and the court time and resources. But, if every case, in which liability has been determined and damages have yet to be quantified, was considered to meet the standard of "materially advanc[ing] the ultimate determination of this litigation," the policy limiting interlocutory appeal to "exceptional cases" would be severely eroded. *See Caterpillar,* 519 U.S. at 74, 117 S.Ct. 467. Accepting the Government's estimate that six months to a year of discovery is required, *see* Decl. D. Robinson ¶ 9, the court is not persuaded that this situation is one that warrants certification for interlocutory appeal. *Cf. AD Global Fund, LLC v. United States,* 68 Fed.Cl. 663, 666 (2005) (determining that interlocutory appeal would materially advance the litigation because reversal of the trial court ruling would potentially save 18 months of discovery and trial preparation *and* decide other pending cases).

The Government also argues that an interlocutory appeal will clear up legal uncertainty for "other commercial airlines operating international flights into the United States." Gov't Reply at 3. This might be a viable argument if a significant number of other commercial airlines had similar pending cases against the Government. *See Triax Co.*

*v. United States,* 20 Cl.Ct. 507, 514 (1990) (determining an interlocutory appeal would materially advance the litigation because reversal of the trial court would resolve not only that case but also a large number of others). The court, however, is aware of only one similar case. *See Continental Airlines, Inc. v. United States,* No. 06–432C (Fed.Cl. May 31, 2006).

In addition, the Government argues that resolving how the Immigration User Fee Statute and the AQI User Fee Regulations are interpreted will clear up legal uncertainty for "Congress and the affected agencies, which rely upon the user fees to fund the immigration and agricultural quarantine inspections." Gov't Reply at 3. The court is unaware of any expression of Congress or the "affected agencies" reflecting any uncertainty. If the court were to certify for interlocutory appeal the question of liability, every time a case was decided unfavorably for the Government, based on unsubstantiated claims of uncertainty, then the policies behind interlocutory appeal—judicial efficiency and avoiding piecemeal litigation—would be eroded. *See Pause Tech.,* 401 F.3d at 1292–93 ("By requiring parties to 'raise all claims of error in a single appeal following final judgment on the merits,' ... [Congress has designed a structure that], 'forbid[s] piecemeal disposition on appeal of what for practical purposes is a single controversy[.]' "). In fact, the November 30, 2005 Memorandum Opinion and Order in this case concerns only a small portion of Immigration and AQI User Fees, *i.e.,* those assessed by the Government but not collected from passengers. Therefore, the court is not persuaded by the Government's argument that there is sufficient legal uncertainty that this case should be certified, pursuant to 28 U.S.C. § 1292(d)(2).

### CONCLUSION

Since the requirements set forth in 28 U.S.C. § 1292(d)(2) have not been satisfied, the court declines to certify the question raised by the Government as to the court's interpretation of the Immigration User Fee Statute and the AQI User Fee Regulations for interlocutory appeal. Accordingly, the Government's March 29, 2006 Motion to

Amend Order Dated November 30, 2005 to Include Finding of Suitability for Interlocutory Appeal, therefore, is denied.

**IT IS SO ORDERED.**

