Timothy THORNDIKE, and Beverly Bartlett, Plaintiffs, pro se,

v.

The UNITED STATES, Defendant.

No. 06–149T.

United States Court of Federal Claims.

Aug. 31, 2006.

Timothy Thorndike and Beverly Bartlett, Cleveland, Ohio, pro se.

Jennifer P. Wilson, United States Department of Justice, Tax Division, Washington, D.C., counsel for Defendant.

## MEMORANDUM OPINION AND ORDER DENYING RECONSIDERATION OR CERTIFICATION FOR INTERLOCUTORY REVIEW

BRADEN, Judge.

On July 11, 2006, Plaintiffs filed a Motion for Reconsideration of the court's April 28, 2006 Order Denying Plaintiffs' Motion for Preliminary Injunction. *See* Pl. Mot. for Recons. In the alternative, Plaintiffs seek an order certifying their preliminary injunction motion for interlocutory review. *Id.* at 4. For the reasons discussed herein, Plaintiffs' Motion for Reconsideration is denied. In addition, the court also has determined that interlocutory appeal is not appropriate in this case.

## I. RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 27, 2006, Plaintiffs filed a *pro se* Complaint, seeking injunctive and monetary relief, stemming from of the Internal Revenue Service and the Department of Treasury (collectively "the Government")'s tax collection activities. *See* Compl. at 1–7. On February 27, 2006, Plaintiffs also filed a Motion for Preliminary Injunction, pursuant to RCFC 65(a), asserting that the Government engaged in collection activities, including federal tax lien(s) and levy of wages, salary and other income, that: deprived Plaintiffs of "property, rights to property, and rights to opportunities to acquire property[;]" made Plaintiffs "the victim of publication of irreparable derogatory (slanderous & defamatory) reports in public records by Defendants[;]" and adversely affected Plaintiffs' credit and financial reputations. *See* Pl. Mot. for Prelim. Inj. at 3–4; *see also* Pl. Proposed Prelim. Inj. at 3. Plaintiffs requested that the court enjoin the Government from:

1) Conducting any tax collection activity against Plaintiff(s) during the pendens of this action;

2) Issuing, maintaining, publishing, or continuing the publication of any derogatory notices or claims (inclusive of "NOTICE OF LIEN" and "NOTICE OF LEVY . . .") relating to Plaintiffs; [and]

3) *This injunction shall have the effect, when recorded, of voiding any and all evidences and/or notices of claims, liens and/or levies relating to Plaintiffs[.]*

*See* Pl. Proposed Prelim. Inj. at 4 (alteration and underlining in original).

On April 5, 2005, the Government filed an Opposition, by leave of the court. *See* Gov't Resp. to Pl. Mot. for Prelim. Inj. On April 28, 2006, Plaintiffs' Motion for Preliminary Injunction was denied, because the court does not have jurisdiction to issue the injunction that Plaintiffs seek. *See* Ct. Order, *Thorndike v. United States,* No. 06–149T (Fed.Cl. April 28, 2006). On May 16, 2006,

Plaintiffs filed a Reply, by leave of the court.[1] *See* Pl. Reply.

On July 11, 2006, Plaintiffs filed a Motion for Reconsideration. *See* Pl. Mot. for Recons. In the alternative, Plaintiffs seek an order certifying for interlocutory review Plaintiff's Motion for Preliminary Injunction. *Id.* at 4. On July 28, 2006, the Government filed an Opposition. *See* Gov't Resp. to Pl. Mot. for Recons.

## II. DISCUSSION

### A. Reconsideration Of The Court's April 28, 2006 Order Denying Plaintiffs' Motion For A Preliminary Injunction.

Plaintiffs assert that reconsideration is required for two reasons.[2] First, Plaintiffs argue that the court's April 28, 2006 Order "assumes facts not in evidence: a. [that] [t]here are substantial facts in dispute; b. [that] there is a tax assessed against Plaintiffs; [and] c. that Plaintiffs are 'tax protesters.'" Pl. Mot. for Recons. at 2 (underlining omitted). Although Plaintiffs claim that "there is no outstanding tax assessment . . . and . . . [that they are] only seeking injunction against collection activity where there is no tax due[,]"[3] these allegations are not relevant, because the court does not have jurisdiction to issue the injunction that Plaintiffs seek. *See First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1294 (Fed.Cir.1999) ("The [United States] Court of Federal Claims, except for certain narrowly defined circumstances, is prohibited from granting equitable relief." (citing 28 U.S.C. § 1491(b)(2) (Supp. III 1997))); *Brown v. United States*, 105 F.3d

621, 624 (Fed.Cir.1997) ("The Tucker Act does not provide independent jurisdiction over . . . claims for [declaratory or injunctive] equitable relief."); *see also Johnson v. United States*, 70 Fed.Cl. 296, 298 (2006) ("Because this court's jurisdiction is limited to 'actual, presently due money damages from the United States,' . . . it generally does not possess jurisdiction over equitable matters. '[A]bsent a concurrent colorable claim for monetary recovery,' . . . the court may not hear claims for injunctive relief[.]" (citations omitted)). In this case, Plaintiffs' Complaint seeks the following relief:

IN LAW

1. Declaratory Judgment that Defendants have not established an administrative record upon which any tax obligation could lie.

2. Declaratory Judgment that there is no signed 23C Assessment form in the Defendants' records upon which any tax is assessed upon which collection activity could lawfully occur.

3. Declaratory Judgment that Plaintiff is not a "taxpayer" as Congress uses that term in publishing the Internal Revenue Code.

4. Declaratory [J]udgment that Plaintiff has no outstanding tax obligation.

AND UPON DECLARATION OF THE LAW, IN EQUITY:

5. Enjoin the Defendants from any further tax collection and/or enforcement activities as it relates to Plaintiff for any tax year ending before the entry of judgment in this action.

---

1. On May 17, 2006, the Government filed a Motion to Dismiss. *See* Gov't Mot. Dis. On June 8, 2006, Plaintiffs filed an Opposition. *See* Pl. Resp. to Gov't Mot. Dis. On June 22, 2006, the Government filed a Reply. *See* Gov't Reply. The court will issue a separate order regarding the Government's Motion to Dismiss in September 2006.

2. Rule 59 of the United States Court of Federal Claims affords the court discretion to grant reconsideration "to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law or equity applicable as between private parties in the

courts of the United States." RCFC 59(a)(1); *see also Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed.Cir.1990). In addition, Rule 60 of the United States Court of Federal Claims allows the court to "relieve a party from a final judgment, order, or proceedings for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment.". Plaintiffs' Motion does not specify whether it is being filed pursuant to RCFC 59 or RCFC 60.

3. Pl. Reply to Mot. for Prelim. Inj. at 3–4 (capitalization omitted).

6. Enjoin the Defendants from any tax collection and/or enforcement action relating to the Plaintiff without first complying with constitutional due process requirements of a) serving upon the Plaintiff evidence of Plaintiff's involvement in a privileged activity within a geographical venue for which Congress has express legislative jurisdiction; b) execution of a 23C Assessment against Plaintiff based upon evidence of income from a source identified in section "a"; and c) a determination by a court of competent jurisdiction, and upon due process, that Plaintiff is a "taxpayer" as that term is used by Congress' publication of the Internal Revenue Code.

7. Restitution in an amount to be determined by the court of not less than $5000.00 plus the costs and legal expenses of prosecuting this action.

Compl. at 11–12 (bold omitted).

■ The court, however, does not have jurisdiction to issue declaratory judgment, where such relief is the primary focus of the suit. *See Rice v. United States,* 31 Fed.Cl. 156, 164 (1994), *aff'd,* 48 F.3d 1236 (Fed.Cir. 1995) ("[T]his [c]ourt may not grant declaratory relief if such relief is the primary focus of the plaintiff's suit. The inquiry, therefore, is not whether this [c]ourt has the power to grant declaratory relief at all, but rather *whether the declaratory relief sought by the plaintiff is the primary collateral focus of his suit.*" (emphasis added)).[4] In this case, since the primary objective is declaratory relief, the court does not have jurisdiction over these claims.

■ Plaintiffs also argue that "[t]he cases cited by the court as the precedent basis for its [April 28, 2006] decision are inapplicable based upon the facts appearing as a matter of the record[.]" Pl. Mot. for

Recons. at 2–3 (citing *Rice; Brown; and Betz v. United States,* 40 Fed.Cl. 286 (1998)). Plaintiffs argue that *Brown* cannot be cited as precedent, because that case concerns "a challenge to a tax assessment, and does not address a case where there is no evidence any assessment ever occurred[.]" *See Id.* at 3. Likewise, Plaintiffs argue that *Betz* is not applicable, because that case only "applies to 'tax protesters' and there is no evidence or judgment declaring Plaintiffs to be 'tax protesters' appearing as a matter of the court's record upon which *BETZ* could be invoked." *Id.* (emphasis in original). In the court's April 28, 2006 Memorandum Opinion and Order, both *Brown* and *Betz* were cited as authority for the proposition that the United States Court of Federal Claims does not have jurisdiction over a claim for equitable relief that is not an incident of a claim for monetary relief. *See* Ct. Order, *Thorndike v. United States,* No. 06–149T (Fed.Cl. April 28, 2006) at 2; *see also Brown,* 105 F.3d at 624 ("The remainder of appellants' demands, which are for declaratory or injunctive relief, are also outside the jurisdiction of the Court of Federal Claims. The Tucker Act does not provide independent jurisdiction over such claims for equitable relief." (citation omitted)); *Betz,* 40 Fed.Cl. at 291 ("Among plaintiff's claims for relief are two that are based in equity, including requests for: (1) a declaratory judgment that plaintiff is not liable for any type of federal income tax; and (2) an injunction in the form of permanently removing the liens on plaintiff's property and levies on his wages. Except in narrow circumstances inapplicable here, the Tucker Act does not authorize the Court of Federal Claims to grant declaratory or injunctive relief of the type requested by plaintiff." (citation omitted)). The court, however, has determined that, notwithstanding the different set of facts presented in this case, *Brown* and *Betz* properly were relied on as precedent for the court's determination that it does not

---

4. Assuming *arguendo* that Plaintiffs' claim for declaratory relief was not the primary focus of Plaintiffs' suit, nevertheless, the Anti–Injunction Act, 26 U.S.C. § 7421 prevents the court from granting equitable relief. Subject to several enumerated exceptions that are not applicable in this case, the Anti–Injunction Act provides:

[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).

have jurisdiction to award the preliminary equitable relief that Plaintiffs seek.

Plaintiffs also argue that *Rice* is inapplicable, because "Plaintiffs' [C]omplaint seeks substantial money damages for tort injuries resulting from the unlawful (collection) activities of persons acting under color of federal jurisdiction, a factual scenario that does not invoke *RICE*." Pl. Mot. for Recons. at 3 (emphasis in original).[5] In the April 28, 2006 Memorandum Opinion and Order, however, the court cited *Rice* for the proposition that the United States Court of Federal Claims does not have jurisdiction over a claim for equitable relief that is not incident of and collateral to a claim for monetary relief. *See* Ct. Order, *Thorndike v. United States*, No. 06–149T (Fed.Cl. April 28, 2006) at 2; *see also Rice*, 31 Fed.Cl. at 164 ("[T]his [c]ourt may not grant declaratory relief if such relief is the primary focus of the plaintiff's suit. The inquiry, therefore, is not whether this [c]ourt has the power to grant declaratory relief at all, but rather *whether the declaratory relief sought by the plaintiff is the primary ... focus of his suit.*" (citing 28 U.S.C. § 1491) (emphasis added)). Therefore, Plaintiffs' suggestion that Rice is distinguishable in this case is without merit.

### B. Certification For Interlocutory Appeal.

In the alternative, Plaintiffs request that the court enter an order certifying their preliminary injunction for interlocutory review. *See* Pl. Mot. for Recons. at 4 ("Provide Plaintiff [sic] a final appealable interlocutory order upon which Plaintiff [sic] may appeal the denial of protection for [sic] the United States Treasury.").

The United States Court of Appeals for the Federal Circuit has jurisdiction over "final decision[s] of the United States Court of Federal Claims." 28 U.S.C. § 1295(a)(3) ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction ... of an appeal from a final decision of the United States Court of Federal Claims."). A decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945) (citations omitted). Congress, however, established an exception to this finality requirement: if the trial court certifies a question for interlocutory appeal and the appellate court accepts the question. *See* 28 U.S.C. § 1292(d)(2).

■ Congress established a three-part test to determine whether a question may be certified for interlocutory appeal. First, it must concern "a controlling question of law." *Id.* Second, the question must be one "with respect to which there is substantial ground for difference of opinion." *Id.* Finally, the question must be such that "an immediate appeal from that order may materially advance the ultimate termination of the litigation." *Id.* Based on this multi-part test, the United States Supreme Court has instructed trial judges that interlocutory appeals are reserved only for "exceptional cases." *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 74, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (discussing that "Congress' design [was] to reserve interlocutory review for 'exceptional cases'" under 28 U.S.C. § 1292(b), the courts of appeals' companion rule to 28 U.S.C. § 1292(d)(2) (citations and internal quotations omitted)). Accordingly, the United States Court of Appeals for the Federal Circuit has held that this test is to be applied strictly to preserve the important policies that underlie the final judgment rule, *i.e.*, avoiding piecemeal litigation, avoiding harassment due to separate appeals from the same litigation, and "promoting efficient judicial administration." *See Pause Tech. LLC*

---

5. To the extent the Complaint in this case could be construed to plead a tort claim, such a claim also would be beyond the jurisdiction granted to this court by Congress. *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."); *see also Brown*, 105 F.3d at 623 ("The [United States] Court of Federal Claims is a court of limited jurisdiction. It does not have jurisdiction over tort actions against the United States." (citation omitted)).

*v. TiVo, Inc.*, 401 F.3d 1290, 1292–3 (Fed.Cir. 2005).

### 1. The Court's Jurisdiction To Award The Equitable Relief That Plaintiffs' Request Is Not A Controlling Question Of Law.

■ A controlling question of law is one that "materially affect[s] issues remaining to be decided in the trial court." *Jaynes v. United States*, 69 Fed.Cl. 450, 460 (2006) (quoting *Klamath v. United States*, 69 Fed. Cl. 160, 162–63 (2005)). In this case, whether the United States Court of Appeals for the Federal Circuit affirmed or reversed the court's April 28, 2006 decision, the government's pending Motion to Dismiss still requires adjudication. *See Klamath*, 69 Fed. Cl. at 162 ("If the Federal Circuit were to affirm this court's ruling, litigation on the remaining contract claims would still need to proceed."). Accordingly, the court has determined that the first requirement for interlocutory appeal under 28 U.S.C. § 1292(d)(2) has not been met in this case.

### 2. There Is No Substantial Ground For Disagreement As To The Statutory Interpretation.

In order to certify a question for interlocutory appeal, there also must be a "substantial ground for difference of opinion." 28 U.S.C. § 1292(d)(2); *see also Caterpillar*, 519 U.S. at 74, 117 S.Ct. 467. As the United States Court of Federal Claims recognized, in *Klamath*:

> The Federal Circuit has held that one basis for this 'substantial ground' may be two different, but plausible, interpretations of a line of cases. More often, however, this criterion manifests itself as splits among the circuit courts, an intracircuit conflict, or a conflict between an earlier circuit precedent and a later Supreme Court case, or, at very least, a substantial difference of opinion among judges of this court.

69 Fed.Cl. at 163 (citation omitted). A difference of interpretation among the parties, however, does not fit one of these categories. *Id.; see also Am. Airlines, Inc. v. United States*, 71 Fed.Cl. 744 (2006).

In this case, Plaintiffs have proposed one interpretation of the court's authority to issue injunctive relief and the Government has proposed another. The court has not identified any precedent to support Plaintiffs' interpretation. Therefore, this case does not present any of the bases that have been recognized by the United States Court of Appeals for the Federal Circuit as a "substantial ground" for disagreement. Accordingly, the court has determined that the second requirement of 28 U.S.C. § 1292(d)(2) has not been met.

### 3. An Interlocutory Appeal Will Not Materially Advance the Ultimate Termination of this Litigation.

Finally, to be certified for interlocutory appeal, the resolution of the question must "materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(d)(2). If every case was considered to meet the standard of "materially advanc[ing] the ultimate determination of this litigation," the policy limiting interlocutory appeal to "exceptional cases" would be severely eroded. *See Caterpillar*, 519 U.S. at 74, 117 S.Ct. 467. As a result, the court is required to carefully analyze the impact an interlocutory appeal would have on the remaining litigation and only allow certification in appropriate situations.

For example, certification is appropriate when the court determines that the resolution of the issue certified for interlocutory appeal could result in the "entire lawsuit ... be[ing] dismissed[.]" *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1374 (Fed.Cir.2001); *see also AD Global Fund, LLC v. United States*, 68 Fed.Cl. 663, 666 (2005) (determining that interlocutory appeal would materially advance the litigation because reversal of the trial court ruling would terminate the litigation, potentially saving 18 months of discovery and trial preparation). The court also should certify a question for interlocutory appeal when resolution of the issue would materially advance the termination of other claims pending before the Court of Federal Claims. *See Triax Co. v. United States*, 20 Cl.Ct. 507, 514 (1990) (determining an interlocutory appeal would materially ad-

vance the litigation because reversal of the trial court would resolve not only that case but also a large number of others); *see also AD Global*, 68 Fed.Cl. at 666.

In this case, the court is not persuaded that this case warrants certification for interlocutory appeal. Neither of the situations presented above is relevant here. Plaintiffs have made no arguments regarding this issue for the court to consider. *See* Pl. Mot. for Recons. at 4. Regardless of the Federal Circuit's decision on this particular question, the court will still be required to rule on the Government's Motion to Dismiss, as well as, potentially, a determination of the merits of the Plaintiffs' claims. If the court were to certify this question, the policies behind interlocutory appeal, judicial efficiency and avoiding piecemeal litigation, would be severely eroded. *See Pause Tech.*, 401 F.3d at 1292–93 ("By requiring parties to 'raise all claims of error in a single appeal following final judgment on the merits,' ... [Congress has designed a structure that], 'forbid[s] piecemeal disposition on appeal of what for practical purposes is a single controversy[.]' "). Therefore, the court is not persuaded that certification of an interlocutory appeal will materially advance the resolution of this litigation, pursuant to 28 U.S.C. § 1292(d)(2).

## III. CONCLUSION

For the aforementioned reasons, Plaintiffs' July 11, 2006 Motion for Reconsideration hereby is DENIED. The court also declines to certify the question raised by Plaintiffs for interlocutory appeal.

**IT IS SO ORDERED.**