AD GLOBAL FUND, LLC, by and through North Hills Holding, Inc., a Partner Other Than the Tax Matters Partner, Plaintiff–Petitioner,

v.

UNITED STATES, Defendant–Respondent.

Misc. No. 810.

United States Court of Appeals, Federal Circuit.

Jan. 9, 2006.

Before MICHEL, Chief Judge, NEWMAN and BRYSON, Circuit Judges.

### ORDER

BRYSON, Circuit Judge.

Ad Global Fund, LLC petitions for permission to appeal the order certified by the United States Court of Federal Claims in *AD Global Fund, LLC v. United States,* 68 Fed.Cl. 663 (2005) as one involving a controlling question of law as to which there is substantial ground for difference of opinion and for which an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(d)(2). The United States opposes.

Ad Global's 1999 partnership tax return was filed on April 17, 2000. The Internal Revenue Service initiated administrative proceedings on May 27, 2003 and issued a Final Partnership Administrative Adjustment (FPAA) on October 9, 2003. Ad Global filed a complaint for readjustment of partnership items in the United States Court of Federal Claims and moved for summary judgment, alleging that the FPAA was untimely under 26 U.S.C. § 6229.

Section 6229 states that the period for assessing any tax attributable to a partnership item "shall not expire before the date which is 3 years after the later of" the date on which the partnership return was filed or the last day for filing such return. Pursuant to 26 U.S.C. § 6501, the amount of any tax imposed shall be assessed with-

in three years after the return was filed. The controlling question of law is whether § 6229 extends the general statute of limitations for assessing taxes set forth in § 6501 as to partnership items or whether the time period set forth in § 6229 is a separate statute of limitations requiring issuance of an FPAA within three years of the date of filing of a partnership return. The trial court held that § 6229 is facially ambiguous and that the cases espouse conflicting views among the circuits. The trial court ultimately decided that § 6229 is not a separate statute of limitations but serves to extend the time period set forth in § 6501, and thus denied Ad Global's motion for summary judgment.

Ad Global contends that there is a split of authority concerning whether § 6229 and § 6501 are separate statutes of limitation or whether § 6229 extends the time limitation in § 6501. Ad Global further states that if the court accepts its argument that § 6229 provides a partnership-specific limitations period, that determination may avoid unnecessary costs and materially advance resolution of five cases pending before the Court of Federal Claims. The United States argues that there is no substantial ground for difference of opinion and thus we should deny Ad Global's petition.

In certifying its order for interlocutory appeal, the trial court determined that the order involved a controlling question of law with respect to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. We agree that the order meets the statutory requirements of 28 U.S.C. § 1292(d)(2) and that granting the petition is appropriate. We note in particular that resolution of this issue will affect the resolution of other pending cases.

Accordingly,

IT IS ORDERED THAT:

The petition for permission to appeal is granted.